UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
PAUL W. GRIMM
CHIEF UNITED STATES MAGISTRATE JUDGE

101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4560
(410) 962-3630 FAX

March 25, 2011

William James Nicoll, Esq.
Jenkins, Block & Assocs.
1040 Park Blvd. Ste. 206
Baltimore, MD   21201

Alex Gordon, AUSA
36 South Charles Street, 4th Floor
Baltimore, MD   21201

**Re: Nakia Dorman o/b/o T.W. v. Michael J. Astrue, Commissioner of Social Security, PWG-09-1052**

Dear Counsel:

Pending before this Court, by the parties' consent, are Cross-Motions for Summary Judgment concerning the Commissioner's decision denying Nakia Dorman's claims for Childhood Supplemental Security Income ("SSI") on behalf of T.W.. (ECF Nos. 8,14,26). This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). A hearing is unnecessary. Local Rule 105.6. For the reasons that follow, this Court DENIES the Commissioner's Motion and GRANTS the Plaintiff's Alternative Motion for Remand.

Nakia Dorman, on behalf of her daughter, "T.W.", ("Claimant"), applied for childhood SSI on November 18, 2004, alleging that she was disabled due to an anxiety disorder, depression, a learning disorder and mental retardation. (Tr. 34, 68, 78, 434). After a hearing before the Honorable Frances Kuperman ("ALJ") on May 14, 2008, T.W.'s claim for Children's SSI benefits was evaluated using the three-step sequential process set forth in 20 C.F.R. §416.924 and the ALJ issued a decision dated December 2, 2008. The ALJ's finding at step one was favorable to Claimant. At step two the ALJ found that T.W. suffered from depression and a learning disorder, and that these

impairments were severe[1]. (Tr. 15, 21). At step three, the ALJ found that Claimant did not have an impairment or combination of impairments that met, or equaled in severity, any listed impairment.(Tr. 17, 21). Additionally, the ALJ determined that Claimant did not have an impairment or combination of impairments that would be functionally equivalent[2] to any listed impairment.(Tr. 18-22). Therefore, the ALJ determined that the Claimant was not disabled for purposes of Children's SSI Benefits. On February 27, 2009, the Appeals Council denied Claimant's request for review, making her case ready for judicial review. (Tr. 6-9).

Claimant asserts that the Commissioner's final decision should be reversed because it is not supported by substantial evidence. For the reasons that follow, I agree with Claimant and reverse the decision of the Commissioner and remand the case back to the agency for further proceedings consistent with this Memorandum.

In her Motion, the Claimant asserts the ALJ failed to evaluate all of the medical evidence regarding her alleged impairments. Specifically, she argues the ALJ improperly failed to discuss whether she met or equaled Listing 112.05D *Mental Retardation*. Claimant also argues that the ALJ erred by failing to discuss pertinent medical evidence regarding her obesity. The Commissioner argues that Listing 112.05D does not apply to T.W.'s claim because she was never formally diagnosed with mental retardation and she never alleged obesity as a disabling impairment.

Claimant submits the ALJ failed properly to evaluate her under Listing 112.05D, which, at the time of the ALJ's decision, in relevant part, stated:

---

[1] There is evidence in the record that T.W. also was diagnosed and treated for an anxiety disorder. A state agency reviewing physician concluded that this constituted a severe impairment. (Tr. 286, 293, 358-363). However, when discussing what impairments the ALJ found to be severe at step two, she failed to mention this impairment. This is improper and itself requires a remand.

[2] Pursuant to 20 C.F.R. § 416.926a functional equivalence is determined by rating a child's abilities with respect to six "domains."

> 112.05 *Mental Retardation;* Characterized by significantly subaverage general intellectual functioning with deficits in adaptive functioning. The required level of severity for this disorder is met when the requirements in A, B, C, D, E or F are satisfied.
>         *   *   *   *
> **D. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant limitation of function.**

*See* 20 C.F.R. Pt. 404, Subpt. P, App. 1.(As of April 1, 2008)(emphasis added).

Claimant contends that the ALJ failed in her duty to consider whether T.W. met or equaled 112.05D because in 2005, her verbal IQ test score of 67 (found by Dr. Nancy McDonald Ph.D.) was valid and was within the range of meeting Listing 112.05 D, i.e., between 60 and 70. *See* Plaintiff's Memorandum, p. 6-8.

The Commissioner contends --without citing any authority-- that the ALJ did not err in failing to consider 112.05D because T.W. was never diagnosed with mental retardation. *See* Defendant's Memorandum, pp. 9-11. While the undersigned has not found controlling authority in the Fourth Circuit on this issue, the Eighth Circuit has held that a Claimant does not have to be formally diagnosed with mental retardation to meet the Regulations definition of mental retardation. See *Maresh v. Barnhart*, 438 F.3d 897, 899 (8th Cir. 2006).

After the Court's independent review of the record and the ALJ's decision, I find that the ALJ erred at steps two[3] and three. In discussing T.W.'s IQ test scores with respect to Listing 112.05, the ALJ only discussed subsection C and only acknowledged T.W.'s 2002 IQ test results, the validity of which was not questioned by the ALJ. The ALJ only stated that none of T.W.'s IQ scores were in the range to meet Listing 112.05**C**. (Tr. 21).

T.W.'s IQ test results of the Weschler Intelligence Scale for Children ("WISC") were as follows:

---

[3] See FN. 1, *supra*.

**WISC -III dated July 10, 2002**
Verbal Score 81
Performance Score 86
Full Scale Score 82
(Tr. 178).

**WISC -IV dated December 14, 2005**
Verbal Score 67
Performance Score 106
Full Scale Score 86
(Tr. 350).


The ALJ's decision fails to recognize that T.W.'s 2002 IQ test results were arguably no longer valid at the time of her decision. The Introduction for Listing 112.00, *Mental Disorders*, in effect at the time of decision, clearly states, in relevant part:

> D. Documentation: 10. IQ test results must also be sufficiently current for accurate assessment under 112.05. ..**IQ test results obtained between ages 7 and 16 should be considered current** for 4 years when the tested IQ is less than 40, and **for 2 years when the IQ is 40 or above...**

*See* 20 C.F.R. Pt. 404, Subpt. P, App. 1.(As of April 1,2003)(emphasis added).

Test results clearly are an important factor in determining whether the Listing has been met. T.W.'s December 2005 verbal IQ score was between 60 and 70, and at the date of the ALJ's decision was the most recent verbal IQ score. Therefore it was valid. (Tr. 348-352). Pursuant to this score it appears as though "T.W." meets the criteria in subsection D of 112.05, yet in her decision the ALJ discusses only the 2002 test scores-- which were more than 2 years old at the time of the hearing and therefore were no longer current.(Tr 21-22). *See Zamora v. Massanari*, (N.D. Ill.) (2001 WL 766374 \*\*11)(test scores more than two years old at time of hearing were no longer current).

In sum there is medical evidence-- not discussed by the ALJ showing that T.W. arguably meets subsection D of Listing 112.00. The ALJ's decision failed to discuss the evidence of record in light of subsection D. I do not know whether the ALJ considered this evidence, but discounted it for reasons supported by the

4

record or overlooked it entirely. Accordingly, I am not able to say the ALJ's decision is supported by substantial evidence

Finally, there is also evidence in the record that T.W. is obese. (Tr. 281, 293, 389, 396). The Commissioner argues that the ALJ was not required to consider her allegation of obesity since it was not listed as an alleged impairment in her applications or appeal documents. 20 CFR Sec. 416.920a states the Commissioner will consider "only impairments about which you say you have **or about which we receive evidence"**. (emphasis added). In this case there is medical evidence of T.W.'s obesity. On remand the ALJ shall consider whether T.W. meets subsection D of Listing 112.05 and also whether there is evidence that T.W.'s obesity causes more than minimal functional limitations.

Because the ALJ's decision is not supported by substantial evidence, the Commissioner's Motion for Summary Judgment will be **DENIED** and the Claimant's Alternative Motion for Remand will be **GRANTED**. On remand the ALJ is to consider all of T.W.'s severe impairments and IQ test results, in accordance with the directives found in 112.00, including the introductory Section, in determining whether or not she met the relevant listing(s).

\_\_\_\_\_/s/_____
Paul W. Grimm
United States Magistrate Judge

DATED:\_\_\_\_3/25/11_____